McComber v. Yvonne St Cyr. Mr. McComber for the expellence, Ms. Clemming for the appellate. Good morning, counsel. Mr. McComber, please proceed when you're ready. Good morning, Your Honors, and may it please the Court, Sam McComber on behalf of Ms. Yvonne St Cyr. I hope to reserve two minutes for rebuttal. The primary issue for the jury to decide in Ms. Cyr's trial was her mental state. I will focus my time on two mens rea issues, the exclusion of video evidence that went to her mental state and the vagueness of Section 231 because it lacks a mens rea requirement. Beginning with the video evidence, Ms. St Cyr offered two pieces of evidence that went to her mental state, her testimony and a video that she took at the ellipse of the President's speech on January 6th. Let's be very clear about what happened at the district court when that video was attempted to be admitted. Defense counsel created a 20-minute exhibit from an hour and 20-minute video that Ms. St Cyr took on her cell phone of the President's speech. When defense counsel attempted to admit that exhibit, the trial court asked for justification and defense counsel provided one saying that it went to Ms. St Cyr's intent. Without viewing the video, the district court excluded 17 minutes of that 20-minute video and the district court's exclusion of that video exhibit was both a denial of Ms. St Cyr's constitutional right to present a complete defense and an abuse of discretion. The district court, sua sponte and without objection, asked for justification of that video. And I think the key point for oral argument today on this issue is that the video was important. The video corroborates Ms. St Cyr's testimony and makes it more persuasive. It gave the jury a shared experience to relate to her testimony and showed the crescendo of her belief that the election was stolen and that she was there to witness history. What difference does it make if she believed and the jury credited her belief that the election was stolen and she was there to witness history? How does any of that exculpate her? Because it goes to her intent for the Section 231 offense, which shows that she had a mens rea to witness history and not a mens rea to obstruct. And those things aren't mutually exclusive. No, Your Honor. One can witness history by obstructing. Correct, Your Honor. But the video is important to showing the narrative relevance of her mental state. And that was the defense theme at trial, was that she was there to witness history, not to obstruct. So although she could have both, the defense argument was that she only had the intent to witness history, not the intent to obstruct. What did her mens rea an hour or so before the activities in which she was charged have such relevance? I mean, you put it in a jury, and even if the jury viewed the evidence in the way your client wishes them to, the question is mens rea at the time of the conduct with which she's charged. And there's a significant time gap. Correct, Your Honor. The timing is important because, well, for three reasons. First, mental state is always important when motive or, excuse me, motive is always important when mental state is at issue. Second is the narrative relevance, which is a low standard that has any tendency to make a fact more or less probable. And that line drawing between her intent at the ellipse and her intent at the rally is abuse of discretion because it's the district court's adoption of the government's theory of the case without allowing the defense to present its theory of the case. Which goes to the prejudice point, if we're talking about whether the government's case. I mean, there was significant time lap, and there was the jury saw videos of her behavior at the Capitol and her words at the Capitol. And that seems to me, whether we're looking at this from harmless error or otherwise, a much more powerful evidence. Knowing her motive to be at the rally is a very different question of her motive to be at the Capitol and to engage in the behavior. Her motive, and then obviously most relevantly her mens rea, to be engaged in the activities at the Capitol itself. She carried the same intent throughout the entire day, and her testimony makes that clear. And the exclusion of the video evidence is important because it shows that she had that intent at the rally and carried that intent through to the Capitol. And it did not. The video showing that video to show that narrative relevance of her intent throughout time was not prejudicial because it was short. It was only a 20-minute video. And in context of trial, that exclusion is an abuse of discretion relative to the government's case. The government had two days of testimony and video, and Ms. St. Cyr had four hours of testimony. The video was introduced at 2.30 in the afternoon, and the district court could have viewed that evidence outside of the jury's presence, and it chose not to do so, to decide on its relevance. And it's a double standard for the court to allow the government to show 70 minutes of video and deny. Did you object? Did your client object to the government's videos as duplicative? Some of them, yes, Your Honor. Some of them? Yes. For example, when there was videos from different angles, yes. And I think that the more important piece is that the defense theory matters. So it's not that the government should not have had that time. It's that the defense should have had the opportunity to make their case. And that's a different argument than the government got to put in videos that the court considered relevant because they captured her actual conduct at the Capitol, and then just your defense theory argument. That's different from a duplicativeness, or the government got its videos and we didn't get ours. Correct. And I think the more important one is that this court does not have to agree with the defense's theory in order to find that Ms. St. Cyr should be able to tell her story, should be able to present her defense. Did you, did counsel present a defense theory instruction? Did you request a defense theory instruction and submit one to the court and have one given to the jury? I don't believe so, Your Honor. But the closing arguments were all about Ms. St. Cyr, or for the most part about Ms. St. Cyr's mental state, if that's what you're asking.  I'm just trying to make sure because I didn't see one in the record. Yes. So I was just trying to see whether there was a defense theory instruction. No, I don't believe so. There wasn't one. But the theory of the defense was that she didn't have the requisite mental state either because she didn't know she was entering a restricted area or she didn't intend to obstruct.  She did not intend to. And why, I mean, you've got a high burden to meet to show that there was a, essentially a due process violation. In three minutes of the video were presented and her testimony about that issue were presented. So how does that meet the very high standard to become a constitutional violation? First, it's not harmless because the video goes to an element of the offense. And the government has the burden to prove harmlessness beyond a reasonable doubt. And the trial court cannot assume that the jury knows the context of the case, cannot piecemeal admit the speech and expect it to show the full force of that video. And that's the difference between a cold record and the emotional effects of trial. For example, the government gives five bullet points of content that came from the President's speech in the three-minute clip. And that's correct. But Ms. St. Cyr wanted to put the jury in her shoes to feel the size and commitment of the crowd, the coldness of the day. And the probative value of evidence is not the same as probative value of tick-tock or a sound bite. The point is not to fit as much information into it as short a time as possible. What's your, I mean, every day judges restrict evidence. They restrict scope across examination, et cetera. In order to turn that from just an abuse of discretion kind of review non-constitutional harmlessness into a constitutional error is a big leap. What is your best case or precedent that this meets that standard? I think our strongest case might be McCoy v. City of Columbia. And that was a South Carolina case in which the court invalidated a local ordinance making it unlawful for any person to interfere or molest with a police officer. And that dealt more with the First Amendment issue than the vagueness issue. But I think the statutes are analogous. And I also see that I'm running out of time. So thank you. I'm sure my colleagues don't have additional questions for you this time. Okay. We'll give it a little bit of rebuttal time. Thank you. Ms. Fleming. Good morning, and may it please the Court. Mary Fleming for the United States. This Court should affirm St. Cyr's convictions. All of the claims that she raises on appeal are meritless. I'll focus on the evidentiary issue, the exclusion of the video. We're talking about a 19-minute and 27-second video that St. Cyr recorded at the ellipse before she went to the Capitol. The district court permitted the defense to play three minutes of that video. And the court instructed the – allowed the defense to pick out the most salient portions of the video, which happened to be three minutes. The court didn't put a time limit on it. There was no abuse of discretion in limiting the video in that way. The excluded portion was irrelevant. Trump's statements that the election was stolen, that everyone should go to the Capitol, do not negate her intent to obstruct or impede law enforcement. Hours later, while she's on the West Front, waiting against the barricades, or even after that, when she's in the tunnel, obstructing officers there. And even if this court thinks that there's some minimal probative value, it certainly was not an abuse of discretion under Rule 403. There was the – what was driving this was a concern about a public authority defense, that this was going to suggest that Trump had somehow authorized St. Cyr to take the conduct she had – the conduct that she undertook later at the Capitol. And so there was a concern that it was a backdoor way of introducing a public authority defense. The district court limited the video. And under Rule 403 balancing, there was no abuse of discretion. And in any event, it was harmless. St. Cyr testified extensively about her intent. The three minutes of the video was – the content of that was similar to the other 17 minutes. So for all of those reasons, the evidentiary issue is meritless. I'll rest on the briefs on the other issues, the vagueness challenge and the sufficiency challenge, unless this court has questions. Thank you, counsel. Thank you. Mr. McAmyer, we'll give you the two minutes you asked for for rebuttal. Thank you, Your Honor. The direct evidence from trial is Ms. St. Cyr's testimony. That's the direct evidence of her intent. And it shows no intent to obstruct or impede. And I just want to read two questions from her examination. On direct, the question was, was your intent in any way to participate in the violence that was occurring around you? Ms. St. Cyr said, absolutely not. Absolutely not. I took an oath to no violence. Counsel asked, was your intent in any way to interfere or disrupt law enforcement's purpose that day? And Ms. St. Cyr's answer was, no, it was not. Is this going to sufficiency or what? To her intent, to her mens rea, for excluding the video evidence. That the direct evidence was her testimony, and the video corroborates or supports that testimony. And it's a constitutional violation. It's a denial of a right to complete defense when it arbitrarily or disproportionately or when a court arbitrarily or disproportionately. You can't sort of pull it out like that. You have to look at her full testimony, including cross-examination, where repeatedly, repeatedly she acknowledged that the police, that she was pushing on police lines, that she was refusing to move when ordered to move. She kept saying, I have a right to be here. I have a right to be here. And that she was encouraging other rioters and pushing against the police. So I'm not sure. I get that you've got those two lines, but for doing due process or even just an ordinary exclusion of evidence analysis, we have to look at the full thing. And evaluating the consequences of the district court's request that she limit the video to the most salient evidence, which she did, over-objected, for sure. And I think that that's how the government is using Section 231 to criminalize actions without evidence of intent. Her actions are inconclusive to her intent, and her testimony is conclusive. I see that I'm out of time. May I finish my answer? Yeah. They don't demonstrate her intent to obstruct. Those are different elements. And here, the exclusion of the video was arbitrary, disproportionate, and went to a weighty interest. And that's why it's a constitutional violation, and that's why it's an abuse of discretion. It's arbitrary in that the government didn't object, and the district court didn't even watch the video. It's disproportionate in that it's a 20-minute video over the course of a week-long trial, and that it's a weighty interest, and that it is the only contested element of the offense. Have you identified what was salient that you still needed beyond the part that was admitted that would have made – I mean, we keep arguing about the 20 minutes in or out. It's a total thing. But you were allowed three minutes of the most salient information. What piece or statement was left out that would have made all the difference in your client's perspective? Those missing 16 and a half or 17 minutes. All 16 and a half minutes? Well, there are a couple of themes that come out in those 16 minutes, and that's her deep beliefs. For example, she's saying – It does come out in her testimony. And the video is important because it corroborates her testimony. She's not speaking in the video. Someone else is speaking. No, but it – But does it corroborate her mens rea that may speak to other people's mindsets? I think it does, Your Honor. I think it shows both her deep beliefs and the rationale for recertification, which, again, the jury does not have to agree with the rationale for recertification to find that that influenced Ms. St. Cyr's mens rea. For example, when she pans the crowd, when she sings along to God Bless the USA, when the crowd cheers, when the President thanks law enforcement, those show her or confirm her deeply held beliefs were part of the crowd's momentum that day. Or another example is the President's conversations about the media and mistrust of fake news. She put on a great deal of evidence about her mistrust of the government when she talked about her food and food industry labels. And that's at the beginning of her direct testimony when she talks about being skeptical of the government because it influenced the way the food is labeled, influenced her diet, and made her family unhealthy. The video shows that mistrust of media, and so does her testimony. But the trial court didn't say you've got three minutes, right? The trial court said I'm not going to let you play this whole 20 minutes. Pick out some sort of salient excerpts and present that, right?  So to the extent that something was excluded, it was because defense counsel picked whatever they thought was most salient, and they didn't think that was the most salient. Defense counsel already picked what they thought was the most salient when they edited her video from an hour and 20 minutes down to 20 minutes. And, correct, they had the opportunity to play the last three-minute truncated sound bite, but a sound bite is different than an exhibit. Mr. Court, please go ahead. I mean, neither side cited it, but my estimation, the seminal case on denial to present a defense violating due process is Chambers v. Mississippi. That's a case where essentially an entire kind of category of evidence that the defense needed to present their defense was excluded, not just something that was corroborative. So it seems to me you've got a big problem in that, like, you weren't kind of like categorically denied from presenting any such evidence. And then to the extent that there was some exclusion, it was because defense counsel did the excluding. They picked what they thought was most salient. You've got to convince us that there was no way that out of that 20 minutes they couldn't have, you know, there was no kind of physically impossible for them to have used that three minutes to present what they did present without, you know, adding in this other, you know, whatever else, whatever other excerpts. Or I guess your argument is that that's impossible and so, you know, it's 20 minutes or less. What is your argument? That the speech was important in its 20-minute editing and that the district court's exclusion for relevance was incorrect and an abuse of discretion. And the government itself acknowledges that the video is important because they've indicted the President based on that speech. And so it's inconsistent to say that the video is not important here, but is important enough to indict the President. It's no inconsistency at all. It's just completely, that's apples and oranges. The question is, is relevance to presenting a defense for her, her video of what other people said. That's a completely different question. Then the point remains that it's relevant to her mental state, Your Honor. Is there anything short of 20 minutes? Is your submission that it would have been a violation of due process to truncate it at all? No, Your Honor, but that the district court's reason for excluding it was incorrect, that it was relevant and it was not prejudicial, and that asking defense counsel at the table to just play the last segment is a constitutional right of her denial to make a complete defense and an abuse of discretion. And I see I've gone well over time, so. Let me make sure my colleagues don't have additional questions for you. Okay. Thank you, counsel. Thank you to both counsel. We'll take this case under submission.
judges: Srinivasan; Millett; Wilkins